UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Plaintiff,

v.

R<small>AYNARD V.</small> C<small>ROWE</small>, D-4,

    Defendant.
_____/

Case No. 11-20481

Arthur J. Tarnow
Senior United States District Judge

## ORDER DENYING DEFENDANT CROWE'S MOTION FOR NEW TRIAL [169] AND MOTION FOR HEARING ON BRADY VIOLATION [170]

### Introduction

Before the Court are Defendant Crowe's Motion for New Trial [169] and Motion for Hearing on Brady Violation [170]. Defendant moves for acquittal or for a new trial, following a conviction by jury of one count of conspiracy to commit bank robbery, pharmacy robbery, using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, one count of bank robbery, one count of pharmacy robbery, two counts of using or carrying a firearm during a federal crime of violence, and two counts of felon in possession of a firearm. For the reasons stated below, Defendant's Motions for New Trial [169] and for Hearing on Brady Violation [170] are DENIED.

Beginning on March 11, 2013, a jury trial was held in which Defendant Crowe was tried for one count of conspiracy to commit bank robbery, pharmacy robbery,

using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, one count of bank robbery, two counts of pharmacy robbery, three counts of using or carrying a firearm during a federal crime of violence, and four counts of felon in possession of a firearm. On March 21, 2013, the jury found Defendant guilty of one count of conspiracy to commit bank robbery, pharmacy robbery, using or carrying a firearm during a federal crime of violence and felon in possession of a firearm, one count of bank robbery, one count of pharmacy robbery, two counts of using or carrying a firearm during a federal crime of violence, and two counts of felon in possession of a firearm.

April 4, 2013, Defendant Crowe filed the instant Motion for New Trial [169] and Motion for Hearing on Brady Violation [170].

**Motion for Judgement of Acquittal and Motion for New Trial**

Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). If any rational trier

of fact could find the essential elements of the crime beyond a reasonable doubt, the motion must be denied. "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the evidence in a Rule 29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993)).

A defendant challenging the sufficiency of evidence under Rule 29, bears "a very heavy burden." *United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000)(internal quotation marks and citations omitted). A judgement may be reversed based on insufficient evidence if, after viewing the record as a whole, the judgment is not supported by substantial and competent evidence. *Id.* (citations omitted).

Upon motion by a defendant, Federal Rule of Criminal Procedure 33(a) allows the Court to vacate a judgment and grant a new trial if "the interest of justice so requires." Fed. R. Crim. P. 33(a). "The defendant bears the burden of proving the need for a new trial." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993)(citations omitted). "In general, motions for a new trial are disfavored and should be granted with caution." *United States v. Slater*, 258 Fed. Appx. 810, 816 (6th Cir. 2007)(citations omitted).

Defendant Crowe first argues that the Court must overturn the jury's guilty verdict on the count of conspiracy because he was not found guilty of the June 2011 robbery of the Medicap pharmacy. Defendant asserts that this pharmacy robbery is one of the criminal acts included within the alleged conspiracy. Defendant's argument here fails because the Government "need not show that a defendant participated in all aspects of the conspiracy; it need only prove that the defendant was a party to the general conspiratorial agreement." *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997).

Second, Defendant Crowe argues that the Court must overturn the jury's guilty verdict on the count of the May 2011 bank robbery. Defendant asserts that the video presented against him only shows Defendant prior to the robbery, and that the testimony connecting him to the robbery was "unreliable and contradictory." In addition to the video, which showed Defendant Crowe arriving at the bank in a vehicle with co-Defendants Wingate and Loving, the Government presented evidence that Defendant Crowe entered the bank and attempted to withdraw funds directly prior to the robbery. The Government argued that Defendant Crowe entered the bank in order to count the number of bank employees and relayed this information to the robbers prior to the robbery. The Government also presented evidence that those who robbed the bank knew how many bank employees were in the bank at the time of the robbery

4

and that Defendant Crowe provided Defendant Loving with a firearm used during the robbery. Viewing this evidence in the light most favorable to the Government and drawing all inferences in favor of the jury's verdict, a rational trier of fact could have found that the evidence establishes beyond a reasonable doubt that Defendant Crow aided and abetted the bank robbery.

Defendant Crowe also seeks acquittal of the guilty verdict as to the count of using or carrying a firearm during a federal crime of violence, in relation to the May 2011 bank robbery. Defendant argues that the Government did not produce the firearms used during the robbery and that the video evidence presented does not establish that the objects used by the robbers were firearms, rather than a facsimile or toy. Defendant Crowe also questions the credibility of Defendant Loving's testimony. However, the Court cannot judge the credibility of the evidence nor the weight given to the evidence. *See Donaldson*, 52 F. App'x 700, 706. Therefore, viewing this evidence in the light most favorable to the Government and drawing all inferences in favor of the jury's verdict, a rational trier of fact could have found that there was sufficient evidence to support a guilty verdict as to this count.

Defendant Crowe then argues that this Court must acquit the jury's guilty verdicts as to the July 2011 pharmacy robbery, including one count of pharmacy robbery, one count of using or carrying a firearm during a federal crime of violence,

and two counts of felon in possession of a firearm.[1] Defendant asserts that the testimony of co-Defendants Allen and Reid is unreliable and contradictory, that the video evidence presented does not definitively identify Defendant, that co-Defendant Kennedy had access to the van, and that other than Allen and Reid, no other witnesses identified Defendant Crowe at the robbery.

The Government provided the testimony of both Allen and Reid, which identified Defendant Crowe, described his participation in the July 2011 pharmacy robbery, and stated that Defendant Crowe provided them with the firearms used during the robbery. The Government notes that the video evidence contested by Defendant shows a vehicle closely matching Defendant's car in the specific parking lot identified by Allen and Reid. The Government produced cellular telephone records corroborating Reid's testimony that Defendant Crowe called Reid several times over the course of the robbery from this parking lot. Defendant Crowe specifically argues that there is insufficient evidence proving his possession of the firearms used during the robbery. However, not only did Allen and Reid provide testimony to this fact, but the police also recovered the firearms used during the robbery from the scene of the crime. These firearms matched Allen and Reid's descriptions. Therefore, without providing independent review of the credibility of this evidence or the weigh given

---

[1] Defendant also attacks Count VIII of the first superseding indictment, but Defendant was not found guilty of this crime.

6

to it, and drawing all inferences in favor of the jury's verdict, a rational trier of fact could have found that there was sufficient evidence to support the jury's verdict as to the one count of pharmacy robbery, the one count of using or carrying a firearm during a federal crime of violence, and the two counts of felon in possession of a firearm pertaining to the July 2011 pharmacy robbery.

Finally, Defendant Crowe seeks new trial arguing that the Court's denial of his Motion for Severance [91] prohibited Defendant from fully cross-examining co-Defendant Reid. Specifically, Defendant Crowe asserts that the joint trial with co-Defendant Wingate prohibited Defendant Crowe from questioning Reid about his statements to the FBI. Reid allegedly told FBI agents that he was angry at Wingate and wished that Wingate had stayed in prison prior to the robberies.[2] Defendant Crowe argues that these statements demonstrated Reid's bias and that such bias may have altered the jury's assessment of Reid' credibility. However, not only did Defendant Crowe's counsel have ample opportunity to cross-examine Reid, but Defendant Crowe has also failed to show how this potential bias would be prejudicial to him. Therefore, Defendant Crowe has failed to show that justice requires a new trial in this case.

**Motion for Hearing on Brady Violation**

In its Motion for Hearing on Brady Violation [170] Defendant Crowe seeks a hearing to address allegations that the Government failed to provide Defendant with

---

[2]Such testimony was prohibited because it would have revealed that co-Defendant Wingate was previously incarcerated.

several pieces of exculpatory information. At the close of trial, Defendant Crowe raised the issue of whether the Government provided Defendant all information concerning global positioning system (GPS) trackers used in regard to Defendant as well as the existence of a May 3, 2011 video showing Defendant at a bank with two other suspects. The Government argued that all existing exculpatory information was given to Defendant Crowe, that the GPS information was not exculpatory, and that the video sought by Defendant did not exist. The Court denied Defendant's objection at that time. In the instant Motion [170], Defendant Crowe again argues that certain e-mail communications between Federal Bureau of Investigations (FBI) officers reveal that a GPS tracker was placed on co-Defendant Wingate's vehicle and that a May 3, 2011 video exists. Defendant first points to a June 29, 2011 e-mail from Special Agent Jonathan Adkins with the subject "GPS Tracker." The e-mail states that a group of agents will drive to 23170 Marlow for "a tracker removal." Co-Defendant Wingate resided at this address at the time the e-mail was written. The June 29 e-mail also states that the agents will install a tracker at 146 W Otis, Defendant Crowe's address at that time. Defendant then points to a June 3, 2011 e-mail from Agent Adkins with the subject "June 6, 2011, 2011, 8:30a surveillance request." Amongst other details, this e-mail states that "on May 3rd, Crowe and 2 UNSUB [unknown subject] white males are seen on bank surveillance video casing the bank." Defendant also asserts that "the testimony at trial concerning the Ferndale robbery was that there was a

8

drive-by earlier that day to explore the site. However, no videotape was provided allowing Crowe to show that his van was not present earlier that day." However, Defendant fails to show that such a video exists.

In its Response [178], the Government acknowledges that at approximately four o'clock the morning of June 30, 2011 a GPS tracker was placed on Defendant Crowe's vehicle. The tracker first generated some data and then proceeded to show no further movement. On July 6, 2011, FBI Special Agent Southard and Task Force Officer Stackhouse located the tracker from Defendant Crowe's vehicle in the street at an intersection in Hamtramck, MI. Based on this information, the Government asserts that there was no available tracking data from Defendant's vehicles on any of the dates of the three robberies at issue in this case: May 18, 2011, June 18, 2011, and July 11, 2011. The Government also explains that earlier in the FBI's investigation, it was believed that the May 3, 2011 surveillance video showed Defendant Crowe entering the bank. However, this belief was later found to be untrue. The Government asserts that the nonexistence of a May 3 video showing Defendant Crowe enter the bank has no bearing on the evidence presented as to the May 18, 2011 bank robbery.

"There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or

9

inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282 (U.S. 1999).

As for the May 3, 2011 video, Defendant Crowe has failed to show how his non-presence in this video is at all exculpatory as to the May 18, 2011 robbery. As the Government notes in its Response [178], the Government presented video showing Defendant enter the bank on May 12, 2011, opening a bank account, and on May 18, 2011, withdrawing money from the bank directly prior to the robbery. Defendant's non-presence in the May 3 video does not contradict either of these videos. In so far as Defendant's non-presence does contradict the June 3 e-mail, Defendant Crowe has failed to show that this contradiction is prejudicial. Defendant Crowe has also failed to show how GPS tracking data from his vehicle during the time between June 30 and July 6, and GPS tracking data from co-Defendant Wingate's vehicle is exculpatory or prejudicial.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Defendant Crowe's Motion for New Trial [169] and Motion for Hearing on Brady Violation [170] are **DENIED**.

**SO ORDERED**.

s/Athur J. Tarnow<br>
ARTHUR J. TARNOW<br>
SENIOR UNITED STATES DISTRICT JUDGE

Dated: August 1, 2013